# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-12752** |
| **0.085 ACRES OF LAND, MORE OR LESS IN PARISH OF PLAQUEMINES STATE OF LOUISIANA, AND ESTATE OF EDWARD TULLIER, ET AL.** | **SECTION: "S" (5)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the United States of America's Motion for Determination of Title and to Determine Just Compensation (Doc. #33) is **GRANTED**.

**IT IS FURTHER ORDERED** that prior to title vesting in the United States of America, ownership of the property was held in equal parts by the Estate of Edward Tullier, Sr. and the Estate of Caliste Degrue Tullier a/k/a Calist Degruy. Should a succession be opened for either of the deceased, an appropriate representative of either estate may apply to withdraw the funds from the court's registry at that time.

**IT IS FURTHER ORDERED** that the just compensation for the taking of Tract 224E, payable by the United States to the defendants/claimants, is the sum of $5,600.

**IT IS FURTHER ORDERED** that the United States of America will submit a proposed judgment consistent with this Order and Reasons within 21 days of the date of this Order and Reasons.

## BACKGROUND

This matter is before the court on the United States's motion for determination of title and just compensation.

On July 14, 2016, the United States filed this action condemning 0.085 acres of land in Plaquemines Parish, Louisiana ("Tract 224E") for the public use of flood protection. Thereafter, the United States deposited $5,600 into the court's registry, at which time title vested in the United States.

The United States has identified the estates and persons that may have an ownership interest in Tract 224E. The property was purchased by Edward Tullier, Sr. and his wife, Caliste Dugre Tullier a/k/a Calist Degruy by Act of Cash Sale in 1931. Both Mr. and Mrs. Edward Tullier, Sr. died intestate, and were believed to have had five children. Many of the Tullier's children, as well as at least four of their grandchildren and two of their great-grandchildren, died intestate. No successions have been opened for either Edward Tullier, Sr. or Caliste Degrue Tullier, and the United States was not able to obtain Affidavits of Death and Heirship.

After the United States served notice of condemnation on the party defendants/claimants, the United States was contacted by an attorney for three of the Tullier's great-grandchildren, who provided a Judgment of Possession entered into the succession of their mother, Lois Cognevich Lee, who had been named in this proceeding. On April 20, 2017, the United States moved to add Paula Jane Lee Broussard, Jo Ellen Lee and Janet Lee Vullo to the action. The court granted the motion.

Thereafter, the United States was contacted by another purported heir of Edward Tullier, Sr. This purported heir indicated that Edward Tullier, Sr. had two additional children with his second wife and that their estates and intestate heirs should have been named in this proceeding. On November 15, 2017, the United States moved to add nine additional parties that might claim an interest in Edward Tullier, Sr.'s estate. the court granted the motion.

There are no recorded instruments that link any of the purported heirs of Edward Tullier, Sr. and/or Caliste Degrue Tullier to either of their respective estates. Thus, the title contractor presented evidence that a 50% interest in Tract 224E belongs to the "Heirs of Edward Tullier, Sr." and the remaining 50% interest belongs to the "Heirs of Caliste Degrue Tullier."

Prior to filing this civil action, the United States obtained a trial appraisal of Tract 224E that estimated the fair market value of Tract 224E to be $5,600.

On May 24, 2018, the United States filed the instant motion to determine title and just compensation. To assist the court in rendering a decision, the United States filed the Department of the Army Interim Binder on Owner's Title Guarantee (Insurance) Policy, the Negotiator's Report, the Attorney's Opinion of Title, and the Appraisal Report. All of these documents explain the Tullier's family history and the ownership and value of Tract 224E.

On May 25, 2018, this court ordered that the motion would be submitted for hearing on the papers on July 18, 2018, because no defendant/claimant has appeared or answered. On July 5, 2018, this court granted the United States's motion for leave to file proof of publication. The proof of publication states that the United States published on three occasions in June 2018 in the Times-Picayune an announcement that the court would determine ownership and just compensation issues relative to Tract 224E on July 18, 2018.

## ANALYSIS

**I.     Ownership of Tract 224E**

A federal court sitting in a condemnation case is authorized to determine who among the competing claimants held title to land prior to its condemnation. Clark v. White, 185 F.2d 528, 530 (5th Cir. 1950). Pursuant to Rule 71.1 of the Federal Rules of Civil Procedure, the district court

"tries all issues, including compensation, except when compensation must be determined by [a specially constituted tribunal or by a jury]." Thus, this court has jurisdiction to determine whether a defendant/claimant has a compensable interest and is entitled to present evidence as to just compensation as to that issue.

The United States has filed an *amicus curiae* memorandum regarding ownership issues and has identified the persons and estates that might have an ownership interest in Tract 224E, as outlined in the title examiner's review of the chain of title. The title examiner, Sandra Lee Sears, stated that she is "unable to render with reasonable certainty an opinion as to the identity of the heirs of Edward Tullier, Sr. and/or Caliste Degre Tullier *aka* Calist Degruy, or their pro-rata interest in the property." Thus, Sears opines that "the just compensation should be awarded in equal parts to the Estate of Edward Tullier and the Estate of Caliste Degrue Tullier *aka* Calist Degruy [and] [s]hould a succession be opened for either of the deceased, an appropriate representative of either Estate may apply to withdraw the funds [from the court's registry] at that time."

None of the persons or representative of the estates identified by the title examiner and given notice by the United States have filed either an appearance or an answer in these proceedings. The United States published on three occasions in June 2018 in the Times-Picayune an announcement that the court would determine ownership and just compensation issues relative to Tract 224E on July 18, 2018. There being no challenge or additional evidence to consider with respect to ownership, this court is persuaded by the United States's submission, which is based on a title examination and the title policy on Tract 224E. Considering the evidence presented the court finds that, in equal parts, the Estate of Edward Tullier and the Estate of Caliste Degrue Tullier a/k/a Calist

Degruy comprise the owners of compensable interests in Tract 224E at the time of its taking, and each are therefore entitled to just compensation for the public taking of Tract 224E.

**II.     Just Compensation**

In this case, there is no jury demand. Thus, the court may make a determination of just compensation. Fed. R. Civ. P. 71.1(h). Pursuant to Rule 71.1(e)(3), "a defendant - - whether or not it has previously appeared or answered - - may present evidence on the amount of compensation to be paid and may share in the award." Although the United States published notices in the newspaper, nobody has appeared to contest the United States's submission as to just compensation.

Just compensation is the fair market value of the property on the date of its appropriation. <u>Kirby Forest Indus., Inc. v. United States</u>, 104 S.Ct. 2187, 2194 (1984). The United States has presented an appraisal of the property that states that just compensation in the amount of $5,600 is proper and appropriate. No party has contested the United States's just compensation valuation or submitted an alternative estimate of just compensation. The record supports a finding that $5,600 is the fair market value of Tract 224E. Accordingly, the court finds that $5,600 constitutes just compensation for the taking of Tract 224E.

## CONCLUSION

**IT IS HEREBY ORDERED** that the United States of America's Motion for Determination of Title and to Determine Just Compensation (Doc. #33) is **GRANTED**.

**IT IS FURTHER ORDERED** that prior to title vesting in the United States of America, ownership of the property was held in equal parts by the Estate of Edward Tullier and the Estate of Caliste Degrue Tullier a/k/a Calist Degruy. Should a succession be opened for either of the

deceased, an appropriate representative of either estate may apply to withdraw the funds from the court's registry at that time.

**IT IS FURTHER ORDERED** that the just compensation for the taking of Tract 224E, payable by the United States to the defendants/claimants, is the sum of $5,600.

New Orleans, Louisiana, this  19th  day of July, 2018.

*[signature]*
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**